JUDGE FAILLA

# 16 CV 4835

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT G. LOPEZ, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| SIXTY HOTELS, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION AND RELATED CLAIMS**

Plaintiff, Robert G. Lopez, alleges his complaint against Defendant, Sixty Hotels, LLC, as follows:

## NATURE OF THE ACTION

1.     This action arises from Defendant's infringement of Plaintiff's "ownership" and exclusive "use" rights in the mark LES NYC®, in conjunction with clothing and related goods. Despite Plaintiff being the registered owner of the trademark LES NYC® and offering various clothing items under such brand name, the Defendant has infringed Plaintiff's rights in the LES NYC® mark by manufacturing, selling, and offering for sale clothing under Plaintiff's trademark. Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendant and Plaintiff resulting in the unjust enrichment of Defendant by using Plaintiff's federally registered trademark.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a) and Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c).

3.     This Court has personal jurisdiction over the Defendant because Defendant engages in continuous and significant business activities in, and directed to the State of New York within this judicial district and has a business location in New York County and because Defendant has committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendant transacts business and/or maintains an office or business location in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and his intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.     Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6.     Upon information and belief, Defendant Sixty Hotels, LLC. is a Delaware Limited Liability Company with a place of business at 54 Thompson Street, 5th Floor, New York, NY 10012 but also has a Hotel location in New York City at 190 Allen Street, New York, NY.

## FACTS

7.     Since at least as early as 1999, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hooded sweatshirts and other clothing items under the LES NYC® brand name.

8.     Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name L.E.S. CLOTHING CO.™, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks LOWER EAST SIDE™, and LES NYC™.  Since at least as early as 2010, Plaintiff has also been selling the aforementioned clothing items under the marks LOYALTY EQUALS STRENGTH™.

9.     In addition to selling and offering for sale clothing items under the LOWER EAST SIDE™, LES NYC® and LOYALTY EQUALS STRENGTH™ brand names, Plaintiff has also continuously sold and offered for sale various clothing items including hooded sweatshirts, t-shirts and caps which bear the LES NYC® mark in various fonts and design styles which are prominently displayed on the front and/or back of the headwear, t-shirts and/or sweaters.

10.     Plaintiff sells, and promotes the sale of his LES NYC® clothing via his website www.lesclothing.com, through order forms, and his t-shirts and sweaters are also available for sale in several retail locations in Lower Manhattan and in other States.

11.     Plaintiff advertises his LES CLOTHING CO™ and LES NYC® brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals."  Plaintiff also regularly conducts photo shoots of customers who purchase his LES NYC® clothing items to be included in magazine advertisements and other marketing materials.

12.     Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark LES NYC®.  Plaintiff is also the owner of New York State Trademark Registration No. R31259.  (**See Exhibit A**).

3

13.   Plaintiff is informed and believes and thereon alleges that Defendant is manufacturing, marketing, selling and offering for sale a t-shirt bearing the LES NYC® mark depicted in the picture below.  (**See Exhibit B**).



14.   Plaintiff was contacted by several long-standing customer of his LES CLOTHING CO™ and LES NYC® clothing products and was told that they had purchased several shirts from Defendant believing they were products of Plaintiff and his LES CLOTHING CO.™ and LES NYC® collections.

15.   Defendants use of Plaintiff's LES NYC® brand in connection with t-shirts has already caused and will continue to cause confusion as to the source or affiliation of the source of the clothing related goods bearing the LES NYC® mark particularly since Plaintiff operated his flagship LES Clothing Co. store from 43 Clinton Street for many years which is only several blocks from Defendant's Hotel location at 190 Allen Street.

16.     Defendants use of an identical mark for related goods in close proximity to where Plaintiff operates his day to day business activities surrounding his LES NYC® mark is unfair competition and more instances of confusion will occur if Defendant continues to market and promote clothing bearing the LES NYC® mark.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

17.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 16 of this Complaint.

18.     The use in commerce by Defendant of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by defendant constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if defendant is not ordered to cease all use of the LES NYC® mark.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

19.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 18 of this Complaint.

20.     Plaintiff has the exclusive right to market, brand and provide clothing related goods using the LES NYC® mark.

21.     Defendant by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendant's activities already have confused the public into believing that defendants and Plaintiff's clothing goods and

accessories come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

22.   Defendant have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

23.   By reason of Defendant willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

24.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 23 of this Complaint.

25.   Defendant's conduct constitutes deception by which Defendant goods will be palmed off as those of Plaintiff.   Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

26.   Defendant's unauthorized use of Plaintiff's LES NYC® mark is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

27.   By reason of the foregoing, Defendant has infringed and continues to infringe on Plaintiff's common law rights in the LES NYC® mark and defendant has become unjustly enriched by such acts of infringement.

28.   Defendant's unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

29.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 28 of this Complaint.

30.     Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's LES NYC® mark.

31.     Defendants actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that all defendant, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term LES NYC®, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term LES NYC®, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the LES NYC® mark.

2.     That Defendant be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.     That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the LES NYC® mark, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages.

5.      That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the LES NYC® mark.

6.      That Plaintiff be awarded the cost and disbursements of this action.

7.      That Plaintiff have such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: June 22, 2016
    New York, New York

Respectfully submitted,
Robert G. Lopez – Pro Se

Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698

# EXHIBIT A

Trademark Electronic Search System (TESS)



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Jun 22 03:21:41 EDT 2016*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [        ]   OR   Jump   to record: [        ]   **Record 3 out of 5**

TSDR   Assign Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# LES NYC

| | |
|---|---|
| **Word Mark** | LES NYC |
| **Goods and Services** | IC 025. US 022 039. G & S: Baseball caps and hats; Hooded sweatshirts; Short-sleeved or long-sleeved t-shirts; T-shirts. FIRST USE: 19991200. FIRST USE IN COMMERCE: 19991200 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85335314 |
| **Filing Date** | June 1, 2011 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 1, 2014 |
| **Registration Number** | 4549880 |
| **Registration Date** | June 17, 2014 |
| **Owner** | (REGISTRANT) Lopez, Robert G. INDIVIDUAL UNITED STATES 230 Clinton Street - Apt. #11C New York NEW YORK 10002 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F) |
| **Live/Dead Indicator** | LIVE |

# New York State Department of State
# Certificate of Trademark Registration

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | | |
|---|---|---|---|---|
| **Registration Number:** | *R31259* | **Registration Date:** | | *05/12/08* |
| **Applicant:** | ***ROBERT G. LOPEZ*** | | | |
| | *230 CLINTON STREET, SUITE #11C* | | | |
| | *NEW YORK* | *NY* | *10002-* | |

**State of Incorporation or Partnership Organization:**

| | | | | |
|---|---|---|---|---|
| **Class Numbers:** | *25* | | | |
| **Date First Used in NYS:** | *12/1999* | **Date First Used Anywhere:** | | *12/1999* |

**<u>Trademark Description:</u>**

*The mark is comprised of the words LES NYC inside of a circular design made up of stars.*

**<u>Description of Goods:</u>**   *Clothing, namely; T-shirts, Hooded Sweatshirts, Vest, Hats and Caps as adopted from the USPTO.*

*WITNESS my hand and the seal of the State of New York In the City of Albany on this:*

*Tuesday, June 10, 2008*

*by:*

*Special Deputy Secretary of State*

*DOS-690 (Rev. 3/01)*

# EXHIBIT B

LES × KNOWLITA

# SIXTY

0



# les nyc tee

---

knowlita x
sixty

---

**$35**

unisex
made in USA
screen print in water-based inks
100% cotton
machine-wash cold; tumble dry low
siggy wears xs; justin wears large
sixty hotels exclusive

**Size**

| XS | SM | MD | LG | X̶L̶ |
|----|----|----|----|----|

**Qty**

| 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|

add to cart

JUDGE FAILLA

# 16 CV 4835

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT G. LOPEZ, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| SIXTY HOTELS, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR TRADEMARK INFRINGEMENT,
### UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendant, Sixty Hotels, LLC, as follows:

### NATURE OF THE ACTION

1.     This action arises from Defendant's infringement of Plaintiff's "ownership" and exclusive "use" rights in the mark LES NYC®, in conjunction with clothing and related goods. Despite Plaintiff being the registered owner of the trademark LES NYC® and offering various clothing items under such brand name, the Defendant has infringed Plaintiff's rights in the LES NYC® mark by manufacturing, selling, and offering for sale clothing under Plaintiff's trademark.  Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendant and Plaintiff resulting in the unjust enrichment of Defendant by using Plaintiff's federally registered trademark.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a) and Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c).

3.      This Court has personal jurisdiction over the Defendant because Defendant engages in continuous and significant business activities in, and directed to the State of New York within this judicial district and has a business location in New York County and because Defendant has committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendant transacts business and/or maintains an office or business location in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and his intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.      Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6.      Upon information and belief, Defendant Sixty Hotels, LLC. is a Delaware Limited Liability Company with a place of business at 54 Thompson Street, 5th Floor, New York, NY 10012 but also has a Hotel location in New York City at 190 Allen Street, New York, NY.

## FACTS

2

7.      Since at least as early as 1999, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hooded sweatshirts and other clothing items under the LES NYC® brand name.

8.      Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name L.E.S. CLOTHING CO.™, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks LOWER EAST SIDE™, and LES NYC™.  Since at least as early as 2010, Plaintiff has also been selling the aforementioned clothing items under the marks LOYALTY EQUALS STRENGTH™.

9.      In addition to selling and offering for sale clothing items under the LOWER EAST SIDE™, LES NYC® and LOYALTY EQUALS STRENGTH™ brand names, Plaintiff has also continuously sold and offered for sale various clothing items including hooded sweatshirts, t-shirts and caps which bear the LES NYC® mark in various fonts and design styles which are prominently displayed on the front and/or back of the headwear, t-shirts and/or sweaters.

10.     Plaintiff sells, and promotes the sale of his LES NYC® clothing via his website www.lesclothing.com, through order forms, and his t-shirts and sweaters are also available for sale in several retail locations in Lower Manhattan and in other States.

11.     Plaintiff advertises his LES CLOTHING CO™ and LES NYC® brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals."  Plaintiff also regularly conducts photo shoots of customers who purchase his LES NYC® clothing items to be included in magazine advertisements and other marketing materials.

12.     Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark LES NYC®.  Plaintiff is also the owner of New York State Trademark Registration No. R31259.  (**See Exhibit A**).

13.     Plaintiff is informed and believes and thereon alleges that Defendant is manufacturing, marketing, selling and offering for sale a t-shirt bearing the LES NYC® mark depicted in the picture below.  (See **Exhibit B**).



14.     Plaintiff was contacted by several long-standing customer of his LES CLOTHING CO™ and LES NYC® clothing products and was told that they had purchased several shirts from Defendant believing they were products of Plaintiff and his LES CLOTHING CO.™ and LES NYC® collections.

15.     Defendants use of Plaintiff's LES NYC® brand in connection with t-shirts has already caused and will continue to cause confusion as to the source or affiliation of the source of the clothing related goods bearing the LES NYC® mark particularly since Plaintiff operated his flagship LES Clothing Co. store from 43 Clinton Street for many years which is only several blocks from Defendant's Hotel location at 190 Allen Street.

16.     Defendants use of an identical mark for related goods in close proximity to where Plaintiff operates his day to day business activities surrounding his LES NYC® mark is unfair competition and more instances of confusion will occur if Defendant continues to market and promote clothing bearing the LES NYC® mark.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

17.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 16 of this Complaint.

18.     The use in commerce by Defendant of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by defendant constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if defendant is not ordered to cease all use of the LES NYC® mark.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

19.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 18 of this Complaint.

20.     Plaintiff has the exclusive right to market, brand and provide clothing related goods using the LES NYC® mark.

21.     Defendant by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendant's activities already have confused the public into believing that defendants and Plaintiff's clothing goods and

5

accessories come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

22.  Defendant have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

23.  By reason of Defendant willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

24.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 23 of this Complaint.

25.  Defendant's conduct constitutes deception by which Defendant goods will be palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

26.  Defendant's unauthorized use of Plaintiff's LES NYC® mark is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

27.  By reason of the foregoing, Defendant has infringed and continues to infringe on Plaintiff's common law rights in the LES NYC® mark and defendant has become unjustly enriched by such acts of infringement.

28.  Defendant's unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

29.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 28 of this Complaint.

30.     Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's LES NYC® mark.

31.     Defendants actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that all defendant, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term LES NYC®, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term LES NYC®, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the LES NYC® mark.

2.     That Defendant be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.     That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the LES NYC® mark, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages.

5.      That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the LES NYC® mark.

6.      That Plaintiff be awarded the cost and disbursements of this action.

7.      That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: June 22, 2016
      New York, New York

Respectfully submitted,
Robert G. Lopez – Pro Se

Robert G. Lopez
Pro Se Plaintiff
230 Clinton Street – Apt. #11C
New York, New York 10002
(917) 868-1698

8

**EXHIBIT A**

Trademark Electronic Search System (TESS)



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Jun 22 03:21:41 EDT 2016*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [          ] OR Jump to record: [          ]  **Record 3 out of 5**

TSDR | Assign Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# LES NYC

| | |
|---|---|
| **Word Mark** | LES NYC |
| **Goods and Services** | IC 025. US 022 039. G & S: Baseball caps and hats; Hooded sweatshirts; Short-sleeved or long-sleeved t-shirts; T-shirts. FIRST USE: 19991200. FIRST USE IN COMMERCE: 19991200 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85335314 |
| **Filing Date** | June 1, 2011 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 1, 2014 |
| **Registration Number** | 4549880 |
| **Registration Date** | June 17, 2014 |
| **Owner** | (REGISTRANT) Lopez, Robert G. INDIVIDUAL UNITED STATES 230 Clinton Street - Apt. #11C New York NEW YORK 10002 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F) |
| **Live/Dead Indicator** | LIVE |

# *New York State Department of State*
# *Certificate of Trademark Registration*

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

| | | | |
|---|---|---|---|
| **Registration Number:** | R31259 | **Registration Date:** | *05/12/08* |
| **Applicant:** | **ROBERT G. LOPEZ** | | |
| | *230 CLINTON STREET, SUITE #11C* | | |
| | *NEW YORK* | *NY    10002-* | |
| **State of Incorporation or Partnership Organization:** | | | |
| **Class Numbers:** | *25* | | |
| **Date First Used in NYS:** | *12/1999* | **Date First Used Anywhere:** | *12/1999* |

**Trademark Description:**
*The mark is comprised of the words LES NYC inside of a circular design made up of stars.*

**Description of Goods:**    *Clothing, namely; T-shirts, Hooded Sweatshirts, Vest, Hats and Caps as adopted from the USPTO.*

*WITNESS my hand and the seal of the State of New York In the City of Albany on this:*

*Tuesday, June 10, 2008*

*by:*

*Special Deputy Secretary of State*

*DOS-690 (Rev. 3/01)*

**EXHIBIT B**

# SIXTY

0



# les nyc tee

knowlita x
sixty

**$35**

    unisex
    made in USA
    screen print in water-based inks
    100% cotton
    machine-wash cold; tumble dry low
    siggy wears xs; justin wears large
    sixty hotels exclusive

## Size



| XS | SM | MD | LG | XL |

## Qty

| 1 | 2 | 3 | 4 | 5 |

add to cart